**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1365**

———————

JAMES MATTHEW MORRIS,

       Plaintiff – Appellant,

v.

TAYLOR COMMUNICATIONS SECURE & CUSTOMER SOLUTIONS, INC.; VENTURE SOLUTIONS, INC; TAYLOR CORPORATION,

       Defendants – Appellees.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge. (7:20-cv-00604-EKD-RSB)

———————

Submitted:  October 28, 2022,                    Decided:  January 4, 2023

———————

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Thomas E. Strelka, Brittany M. Haddox, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Craig A. Brandt, MOSS & BARNETT, P.A., Minneapolis, Minnesota; Monica Monday, GENTRY LOCKE, Roanoke, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Morris ("Morris") brings multiple claims against his former employer, Taylor Communications Secure & Customer Solutions, Inc. ("Taylor"), stemming from Taylor's refusal to pay Morris a sales commission he was allegedly owed. Morris appeals the district court's orders dismissing his wrongful-discharge claim and granting summary judgment to Taylor on the remainder of his state-law claims. We affirm.

We review a grant of a motion to dismiss de novo. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In doing so, we accept as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *Id.* We also review a grant of summary judgment de novo. *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 879 F.3d 101, 107 (4th Cir. 2018). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To create a genuine issue for trial, 'the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.'" *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)).

Upon review of the parties' briefs and the record, we find no reversible error in the district court's determinations (1) that Morris did not state a plausible claim for wrongful discharge pursuant to *Bowman v. State Bank of Keysville*, 331 S.E.2d 797 (Va. 1985), and (2) that Morris failed to establish a genuine dispute of material fact over whether Taylor,

2

either through the written terms of Morris's employment or through other representations to him, was required to pay Morris a commission on sales revenue received after Morris's employment with Taylor ended. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*